[No. 7,109.—Department One.]

## JOSHUA HENDY v. HARRY KIER.

CONTRACT OF ASSIGNMENT—LIABILITY OF ASSIGNOR—CONSIDERATION—
MORTGAGE—AGENT.—P. was the owner of land on which plaintiff had a
mortgage, and plaintiff agreed to pay P. four hundred dollars and re-
lease the mortgage if P. would procure for the plaintiff the assignment
of a note and prior mortgage, executed by a former owner of the land
to the defendant, and which had been sold by the latter, but not for-
mally assigned, to S., and by the latter sold and delivered, without in-
dorsement, to P., who was then the owner of the land. P. obtained
from the defendant the indorsement of the note without recourse; and
in an action brought by the plaintiff to foreclose, the defendant not
being a party, it was adjudged that the note had been paid to S. In an
action upon the contract of assignment: *Held*, That the defendant was
not liable.

APPEAL from an order refusing the plaintiff a new trial in
the Third District Court, County of Alameda. McKEE, J.

*J. B. Lamar*, for Appellant.

*George R. Williams* and *Wm. H. H. Hart*, for Respondent.

The COURT:

Perkins was the owner of certain premises on which plaint-
iff had a mortgage of one thousand two hundred dollars.
Plaintiff agreed to pay Perkins four hundred dollars and to
release his mortgage, if Perkins would procure for plaintiff
an assignment of a note and prior mortgage, given to secure
the same, on which was due one thousand six hundred dol-
lars. The prior note and mortgage had been executed to de-
fendant, but had actually been sold by him, although he had
not indorsed or formally assigned them, and had passed to
Perkins, in whom was also the legal title to the mortgaged
premises. Perkins obtained from the defendant the note in-
dorsed by him "without recourse" and a formal assignment
of the mortgage. Plaintiff sued to foreclose the one-thou-
sand-six-hundred-dollar mortgage, and failed; the note hav-
ing been paid to the prior equitable assignee. He now sues
defendant for his damages, etc.

Plaintiff did not pay, and did not expect to pay, anything

to the defendant for an assignment to him. He released his mortgage and paid four hundred dollars to Perkins, in consideration that the latter "would get the first mortgage for him." If Perkins did not get the first mortgage for plaintiff, the fraud was committed by Perkins, not by defendant. The case does not clearly show how Perkins was to secure an assignment of the first mortgage, but he was clothed by plaintiff with full authority to obtain it; which included ostensible power to get a voluntary assignment without consideration. It is not necessary to inquire whether the indorsement upon the note "without recourse" would have limited the responsibility of defendant. The contract of assignment on his part was without consideration, and upon the express promise of Perkins that he should not in any event be held liable upon it. No action for the alleged breach of its condition could have been maintained by plaintiff had the arrangement been made with him personally, and can not be maintained now, the arrangement having been made with his agent, who was clothed with power to make it.

Order affirmed.